UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEBRA KAY LEE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|      vs. ) | Cause No. 2:14-cv-299-WTL-DKL |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
|    Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Debra Kay Lee requests judicial review of the final decision of Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The Court rules as follows.

### I. PROCEDURAL HISTORY

Lee filed her application for DIB in October 2010, alleging disability beginning on October 26, 1984. Her application was denied initially and upon reconsideration, whereupon she requested and was granted a hearing before an administrative law judge ("ALJ"). Lee was represented by counsel at the hearing, which was held on August 22, 2012, before ALJ Mario Silva. Lee and a vocational expert testified at the hearing. Thereafter, on September 27, 2012, the ALJ rendered his decision in which he concluded that Lee was not disabled as defined by the Act as of March 31, 1991, which was her date last insured. The Appeals Council denied Lee's request for review of the ALJ's decision, and Lee filed this action for judicial review.

## II.  EVIDENCE OF RECORD

The relevant evidence of record is aptly set forth in the ALJ's decision and the parties' briefs and need not be repeated here.

## III.  APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months."  42 U.S.C. § 423(d)(1)(A).  In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience.  42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis.  At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors.  20 C.F.R. § 404.1520(b).  At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled.  20 C.F.R. § 404.1520(c).  At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled.  20 C.F.R. § 404.1520(d).  At step four, if the claimant is able to perform her past relevant work, she is not disabled.  20 C.F.R. § 404.1520(f).  At step five, if the claimant can perform any other work in the national economy, she is not disabled.  20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.*

## IV.  THE ALJ'S DECISION

The ALJ found at step one that Lee had not engaged in substantial gainful activity between her alleged onset date of October 26, 1984, and her date last insured, March 31, 1991. At steps two and three, the ALJ found that during the relevant time period Lee had the severe impairments of a history of thoracic scoliosis, fibromyalgia, a sleep disorder, and narcolepsy, but that her impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ concluded that through the date last insured Lee had

> the residual functional capacity to lift and/or carry 10 pounds frequently and less than 10 pounds occasionally, stand and/or walk 2 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. In addition, the claimant could occasionally climb ramps and stairs, occasionally balance, stoop, kneel, crouch and crawl, but she could never climb ladders, ropes or scaffolds. The claimant was also precluded from any exposure to dangerous moving machinery and unprotected heights, as well as any work which required driving as a function of the job.

Record at 26. Given this residual functional capacity ("RFC"), the ALJ determined that Lee was able to perform her past relevant work as a public relations representative and residence counselor through her date last insured. Accordingly, the ALJ concluded that Lee was not disabled as defined by the Act.

## V. DISCUSSION

This is a difficult and unusual case, for several reasons. First and foremost, the gap between the date of Lee's application for benefits (October 2010), her alleged onset date (October 1984), and her date last insured (March 1991) means that the record with regard to her condition during the relevant time period is not as comprehensive as one would like. This is in part because some records have been destroyed pursuant to laws governing inactive medical records, but it is in large part simply a function of the passage of time. Also complicating matters is the fact that Lee, who is proceeding pro se on appeal, has filed very lengthy briefs that are often difficult to follow and highly argumentative. The Court has reviewed all of the evidence of record and the parties' briefs and, for the reasons set forth below, has determined that remand is necessary.

The issue in this case is whether Lee was disabled as defined by the Act at any time between October 26, 1984, and March 31, 1991. The ALJ found that while Lee had mental impairments during the relevant time period, they were not "severe." That conclusion is contradicted by Dr. David Cerling, the psychologist who treated Lee in the years just prior to her alleged onset date, and by Dr. Gary Greven, a psychologist who treated her "for approximately 20 years prior to 12/15/2010." R. at 902. The psychologists opined that during the relevant time period Lee was suffering from "severe anxiety, depression, and chronic fatigue" that "were significantly impeding her functioning on a day to day basis," *id.* at 1064 (Cerling), and "pain,

fatigue, and depression related to stress of working with her husband in Intervarsity Campus ministry, dealing with narcolepsy, and fibromyalgia" such that "[h]er ability to sustain a regular schedule or work habits has not been evident for over twenty years," *id.* at 902 (Greven).

The ALJ was not required to accept the treating psychologists' assessments of Lee's condition, but he was required to give properly supported reasons why he rejected them. *Stage v. Colvin*, 812 F.3d 1121, 1126 (7th Cir. 2016) ("A treating physician's opinion is entitled to controlling weight, however, if it is well-supported and not inconsistent with other substantial evidence. An ALJ who does not credit such an opinion must offer good reasons for doing so and must address the appropriate weight to give the opinion."). The ALJ "did not give Dr. Cerling's statement significant weight" because he "does not indicate in what way the claimant's functioning was 'significantly impeded' and his treatment notes do not reflect any significant deficits or symptoms." R. at 29. In fact, Dr. Cerling's treatment notes do indicate that her depression "was significantly interfering with her work performance" and that she was experiencing physical problems that "appear to be psychogenic in origin."[1] *Id.* at 1052. Similarly, the ALJ gave Dr. Greven's opinion "very little weight" because he "did not specify the reasons why the claimant was unable to 'maintain a regular work schedule or work habits' prior to the date last insured." *Id.* at 29. If the ALJ needed additional information regarding the reason for the psychologists' opinions, he had an obligation to obtain it. *Simila v. Astrue*, 573

---

[1]The Court notes that this is consistent with the letter from Lee's former employer that states that she was forced to stop working in 1981 because she "hit a wall" and was no longer able to carry out the duties of her job. The ALJ discounts the import of this letter because it describes her condition three years before her alleged onset date. However, it appears that Lee took time off after losing her job in 1981, then worked as a part-time newspaper editor for fourteen months in 1983 and 1984, and then determined that she was unable to work at all. This chronology suggests that Lee's difficulty functioning as a full-time employee in 1981 is relevant to an understanding of her abilities at the time of her alleged onset date in 1984.

5

F.3d 503, 516 (7th Cir. 2009) ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable."). There is sufficient evidence in the record to suggest that Lee had severe mental impairments during the relevant time period; if the ALJ could not discern the reasons for her treating psychologists' statements that supported that conclusion, he had a duty to contact them and seek additional information from them, rather than simply rejecting their opinions on that basis.

This case is therefore remanded for the ALJ to reconsider—after obtaining additional information if necessary—whether Lee's mental impairments were severe during the relevant time period and what effect they had on her ability to sustain full-time work. On remand, the ALJ also should give greater consideration to the combined effects of Lee's impairments (physical, psychological, and sleep disorders), including the effect of Lee's mental impairments and sleep disorders on her physical symptoms and physical stamina. He also should consider the varying efficacy and side effects—both long-term and short-term—of the medications that were used to treat Lee's conditions during the relevant time period. It is likely that a medical advisor would be very helpful in this undertaking. Finally, the Court notes that the ALJ's RFC determination contains an inherent contradiction in that it states that Lee could lift and/or carry 10 pounds frequently and less than 10 pounds occasionally. Obviously this mistake should be corrected on remand as well.

## VI. CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 3/24/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

6

**Copy by Untied States Mail to:**

**Debra Kay Lee**
**2312 Washington**
**Terre Haute, IN 47807**


Copies to all counsel of record via electronic notification